ARCENEAUX v. MAYUMI et al.

(Court of Civil Appeals of Texas. Galveston. Feb. 3, 1912.)

APPEAL AND ERROR (§ 1011*)—REVIEW—VERDICT.

The appellate courts will not reverse the judgment of a trial court which is supported by evidence, though conflicting.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. § 1011.*]

Appeal from District Court, Jefferson County; L. B. Hightower, Jr., Judge.

Action by J. F. Arceneaux against Yoshio Mayumi and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Dougherty & Gordon and John M. Conley, for appellant. Smith, Crawford & Sonfield and Orgain & Butler, for appellees.

McMEANS, J. The purpose for which this suit was brought was to determine the true location of the south boundary line of the David Burrell league of land in Jefferson county, as is shown by an agreement entered into by the parties and introduced in evidence, which is as follows: "That the plaintiff has a good and valid title to all the land described in his petition and sued for herein that may be found by the court to lie within the boundary lines of the David Burrell league, * * * and the defendants have a good and valid title to all of the land claimed by them lying immediately south of and adjoining the David Burrell league; and it is the purpose of the parties to this agreement to eliminate all issues of title and reduce the issue to one of boundary—that is to say, the true location of the south boundary line of the David Burrell league." The case was tried by the court without a jury, and resulted in a judgment for defendants, and the plaintiff has appealed.

The field notes of the Burrell league call to begin at the northwest corner of the league (this corner is well known, and as to which there is no dispute); thence south 5,000 varas to a corner in the open prairie, this being the southwest corner, which is not identified by natural or artificial landmarks; thence east 5,000 varas for the south line; thence north 5,000 varas to the northeast corner; thence west to the beginning. Appellant contends that the undisputed evidence shows that the south line of the league is 5,258 varas from the north line, and that the west and east lines should be extended 268 varas beyond the distance called for in the field notes, and the court erred in not so holding. The court found that the southwest corner of the league was 5,101 varas south from the northwest corner, and that the south line ran thence east 5,002 varas

to the southeast corner, and entered judgment accordingly.

It is unnecessary, we think, to set out the evidence upon which appellant bases his contention; but we may say that there was evidence, as reflected by the record, which would have warranted the court in fixing the boundary line at the place contended for by appellant. The evidence, however, was conflicting in this regard; and, while we shall not set out the testimony upon which the court must have necessarily based its judgment, we think it sufficient to say that the evidence justified the court in locating the line where the judgment places it. Under a well-established rule the appellate courts will not reverse the judgment of a trial court which is supported by the evidence.

We find no error in the record, and the judgment of the court below is affirmed.

Affirmed.

---

# MEMORANDUM DECISIONS

---

Ex parte NOACK. (Court of Criminal Appeals of Texas. Jan. 24, 1912.) Appeal from District Court, Milam County, J. C. Scott, Judge. G. P. Noack was indicted for murder. From an order remanding him to the custody of the sheriff in habeas corpus proceedings, he appeals. Affirmed. R. Lyles and J. F. Taulbee, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was indicted by the grand jury, charged with the offense of murder. Under the evidence in this case, whoever is guilty of taking the life of the Mexican, Antonio Gomez, would be guilty of murder in the first degree. Without expressing any opinion in the premises as to the guilt or innocence of this defendant, we will merely state that relator sued out a writ of habeas corpus before Hon. J. C. Scott, judge of the district court, who, after hearing the evidence, remanded relator to the custody of the sheriff; and in this case, under the evidence adduced on the habeas corpus hearing, we cannot say the district judge erred. Judgment affirmed.

---

ABRAMS v. O. K. HOUCK PIANO CO. (Supreme Court of Arkansas. Nov. 21, 1910.) Appeal from Circuit Court, Pulaski County, Second Division; F. Guy Fulk, Judge.

PER CURIAM. Advanced and affirmed, with penalty, as a delay case.

---

ADAMS v. ADAMS. (Supreme Court of Arkansas. Nov. 28, 1910.) Appeal from Crawford Chancery Court; J. Virgil Bourland, Chancellor.

PER CURIAM. Appeal dismissed, for noncompliance with rule 9.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes